Filed 12/28/22  In re T.C. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re T.C. et al., Persons Coming Under the Juvenile Court Law. | B320484 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. Nos. 18LJJP00463A, 18LJJP00463B, 18LJJP00463C) |
| Plaintiff and Respondent, | |
| v. | |
| T.C. et al., | |
| Defendants and Appellants. | |

APPEALS from orders of the Superior Court of Los Angeles County, Susan Ser, Judge.  Conditionally reversed and remanded.

Jill Smith, under appointment by the Court of Appeal, for Defendant and Appellant T.C.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant D.B.

Dawyn R. Harrison, Interim County Counsel, Kim Nemoy, Assistant County Counsel, and Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent.

Nancy Sarinana for Minors.

––––––––––––––––––––

T.C. (mother) and D.B. (father) separately appeal from the May 11, 2022 order terminating parental rights over their three children (born July 2013, December 2015, and October 2017) pursuant to Welfare and Institutions Code section 366.26. Both parents contend that the termination order should be reversed and remanded for compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.). No interested party filed a respondent's brief. Instead, counsel for all parties, including the Los Angeles County Department of Children and Family Services (the Department), parents, and minors, filed a joint application and stipulation requesting a conditional reversal and remand to the juvenile court for compliance with ICWA and the issuance of an immediate remittitur.

The parties agree, and we concur, the record demonstrates that the Department did not meet the initial inquiry requirements of ICWA and related California provisions. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438.) Although the parents both denied Indian ancestry, neither the court nor the Department asked available extended relatives about the possibility of Indian ancestry. Paternal grandmother was present in court at a hearing on November 25, 2019, but the court did not conduct an

2

ICWA inquiry on the record.  The children were initially placed with paternal grandmother, but despite being in communication with her, the Department never asked her about the possibility of Indian ancestry.  Father also provided the contact information for paternal great-aunt, but the Department had not been able to make contact with her.

After reviewing the entire record, we find that the statutory requirements set forth in Code of Civil Procedure section 128, subdivision (a)(8) for a stipulated reversal have been satisfied here.  (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The juvenile court's May 11, 2022, order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and remanded for proceedings required by this opinion. The court shall order the Department to make reasonable efforts to interview available extended relatives, including paternal grandmother, about the possibility of the minor's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the minor. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED.


MOOR, J.


I concur:


RUBIN, P. J.

4

In re T.C. et al.
B320484


BAKER, J., Dissenting



I would reject the parties' stipulation to remand the matter to the juvenile court. For reasons I have previously explained at length, this court cannot properly make the findings required by Code of Civil Procedure section 128, subdivision (a)(8). (*In re A.C.* (Dec. 12, 2022, B319752) ___ Cal.App.5th ___ [2022 WL 17578314, *1] (dis. opn. of Baker, J.); *In re H.V.* (2022) 75 Cal.App.5th 433, 441 (dis. opn. of Baker, J.); see also *In re Rashad H.* (2000) 78 Cal.App.4th 376, 380 ["[T]here could be an adverse effect on the adoptive parents' rights if there were a stipulated reversal of a Welfare and Institutions Code section 366.26 parental termination rights order. A stipulated reversal could further delay the conclusion of the adoption process"].)



BAKER, J.